IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SCHRUM § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:15-CV-2813 | |
| § | | |
| TRAVELERS HOME AND MARINE § | | |
| INSURANCE COMPANY AND § | | |
| ANTHONY CARREON § | | |
| § | | |
| Defendants § | | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### STATE COURT ACTION

This case was initially filed in the 295th Judicial District Court of Harris County, Texas. The state court action is styled: Cause No. 2015-49259; Patrick Schrum v. Travelers Home and Marine Insurance Company and Anthony Carreon, originally filed in the 295th Judicial District Court of Harris County.

### II.
### PARTIES

The plaintiff, Patrick Schrum, is an individual citizen and resident of the State of Texas.

The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Anthony Carreon ("Carreon"), is an individual citizen and resident of the State of Texas. Significantly, however, Carreon and the plaintiff's claims against Carreon have been improperly joined. Accordingly, Carreon's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

## III.
## JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and represents a dispute for which the <u>properly</u> joined parties are citizens of different states. Here, the plaintiff has improperly joined Carreon to this suit. As such, Carreon's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers. As the plaintiff is a citizen of Texas and Travelers is a citizen of Connecticut, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

As a general rule, for a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th

Cir. 2008). The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" Mainali Corp. v. Covington Specialty Ins. Co., 2015 U.S. Dist. LEXIS 115191 *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, Sidney) (citing Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining non-diverse parties solely to deprive federal courts of diversity jurisdiction. Id. *4-5.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. Parsons v. Baylor Heath Care Sys., 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing Smallwood, 385 F.3d at 573)). Under the second alternative, the test for improper joinder is:

> Whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood, 385 F.3d at 573; see also Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine

whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573.

### B. Carreon has been improperly joined because the plaintiff has not alleged a reasonable basis for the Court to predict that the plaintiff can recover against Carreon.

The plaintiff alleges that Carreon violated Sections 541.051, 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)-4(A), 541.060(a)-4(B), 541.060(a)(7), 541.061(1)-(5) of the Texas Insurance Code:. The plaintiff further alleges that Carreon violated the Texas Deceptive Trade Practices – Consumer Protection Act by representing "that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law." See plaintiff's original petition at ¶ 23(1).

#### 1. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.060(a)(1).

The plaintiff asserts that Carreon conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during his inspection, and undervalued the damages he observed during the inspection. See plaintiff's original petition at ¶ 11. However, courts have held that acts or omissions like this "are not within the scope of §541.060(a)(1) because they do not relate to the 'coverage at issue.'" One Way Invs., Inc. v. Century Sur. Co., 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, inter alia, that the claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was

leaking resulting from the damage" were not statements that related to the coverage at issue)). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." Id. (quoting Messersmith, 10 F.Supp.3d at 724). Here, the plaintiff does not allege that Carreon made misrepresentations about the details of the policy at issue and thus cannot recover against Carreon under Section 541.060(a)(1).

### 2. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.060(a)(2)(A).

Section 541.060(a)(2) involves the failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims where the insurer's liability is reasonably clear. TEX. INS. CODE § 541.060(a)(2). However, an adjuster "cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]" Messersmith, 10 F. Supp.3d at 724. Instead, an adjuster's "role is to assess the damage." Id. Because an adjuster cannot be held liable under Section 541.060(a)(2), the plaintiff cannot recover against Carreon under Section 541.060(a)(2).

### 3. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.060(a)(3).

Section 541.060(a)(3) provides that it is an unfair settlement practice to fail to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." TEX. INS. CODE § 541.060(a)(3). However, an adjuster cannot be held liable under Section 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim.

Mainali Corp., 2015 U.S. Dist. LEXIS 115191 at *4. Because an adjuster cannot be held liable under Section 541.060(a)(3), the plaintiff cannot recover against Carreon under Section 541.060(a)(3).

### 4. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.060(a)(4).

Section 541.060(a)(4) provides that it is an unfair settlement practice to "fail within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder[.]" TEX. INS. CODE § 541.060(a)(4). However, an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder. One Way Invs., Inc. v. Century Sur. Co., 2014 U.S. Dist. LEXIS 171357 at *11 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.). Because an adjuster cannot be held liable under Section 541.060(a)(4), the plaintiff cannot recover against Carreon under Section 541.060(a)(4).

### 5. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.060(a)(7).

Section 541.060(a)(7) provides that it is an unfair settlement practice to refuse "to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7). However, as the court in Messersmith stated:

> The bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

Messersmith, 10 F.Supp.3d at 725. Thus, Carreon cannot be held liable under Section 541.060(a)(7).

### 6. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.061(1)-(5) based on the allegations in the plaintiff's original petition.

The plaintiff's allegations with regard to his claims under Sections 541.061(1)-(5) fail to properly state a claim for relief under the Texas pleading standard. The plaintiff's petition makes only conclusory allegations and simply recites or paraphrases Section 541.061. Specifically, the plaintiff's original petition states:

> 21. Defendants violated § 541.061 by:
>
>   1) making an untrue statement of material fact;
>
>   2) failing to state a material fact necessary to make other statement made not misleading considering the circumstances under which the statements were made;
>
>   3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
>
>   4) making a material misstatement of law; and
>
>   5) failing to disclose a matter required by law to be disclosed.

See plaintiff's original petition at ¶ 21(1)-(5).

The plaintiff's allegations fail to state a claim for relief under the Texas pleading standard. The allegations are too conclusory and provide the Court no reasonable basis to predict that the plaintiff can recover against Carreon under Sections 541.061(1)-(5). See e.g., Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *11-15. As in Mainali, the plaintiff pleaded only a theoretical possibility that Carreon could be held liable under these sections. Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *13-14 (citing Smallwood, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery")); see also Weber Paradise Apartments, LP v.

Lexington Ins. Co., 2013 U.S. Dist. LEXIS 72892, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing to statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")). Here, the plaintiff has failed to provide any reasonable basis for the Court to predict that the plaintiff can recover under Sections 541.061(1)-(5) by doing nothing more than reciting or paraphrasing the statute upon which he seeks recovery. As such, Carreon and the claims brought under Sections 541.061(1)-(5) by the plaintiff against Carreon have been improperly joined and the plaintiff cannot recover against Carreon based on the allegations in the plaintiff's original petition.

**7. The plaintiff cannot recover against Carreon under Tex. Ins. Code § 541.051 based on the allegations in the plaintiff's original petition.**

The plaintiff's allegations with regard to his claims under Section 541.051 fail to properly state a claim for relief under the liberal Texas pleading standard. The plaintiff's petition makes only conclusory allegations, stating that "Defendants violated § 541.051 of the Texas Insurance Code by . . . making statements misrepresenting the terms and/or [sic] benefits of the policy." See plaintiff's original petition at ¶ 19(1).

The plaintiff's allegations fail to state a claim for relief under the Texas pleading standard. The allegations are too conclusory and provide the Court no reasonable basis to predict that the plaintiff can recover against Carreon under Section 541.051. See e.g., Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *11-15. As in Mainali, the

plaintiff has pled only a theoretical possibility that Carreon could be held liable under this section.  <u>Mainali Corp.</u>, 2015 U.S. Dist. LEXIS 115191 *13-14 (citing <u>Smallwood</u>, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery")); <u>see also</u> <u>Weber Paradise Apartments, LP</u>, 2013 U.S. Dist. LEXIS 72892, at *8 (quoting <u>Griggs</u>, 181 F.3d at 701 ("The mere recitation or paraphrasing to statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")).  Here, the plaintiff has failed to provide any reasonable basis for the Court to predict that he can recover under Section 541.051 by doing nothing more than reciting or paraphrasing the statute under which he seeks recovery.  As such, Carreon and the claims brought under Section 541.051 by the plaintiff against Carreon have been improperly joined and the plaintiff cannot recover against Carreon based on the allegations in the plaintiff's original petition.

> **8. The plaintiff cannot recover against Carreon under Texas Deceptive Trade Practices – Consumer Protection Act based on the allegations in the plaintiff's original petition.**

The plaintiff's allegations with regard to his claim that Carreon violated the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") fail to properly state a claim for relief under the liberal Texas pleading standard.  The plaintiff's petition makes only a conclusory allegation, stating that "Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law."  <u>See</u> plaintiff's original petition at ¶ 23(1).  No other allegations are made with respect to the plaintiff's DTPA claim.

The plaintiff's allegations fail to state a claim for relief under the Texas pleading standard. The allegations are too conclusory and provide the court no reasonable basis to predict that the plaintiff can recover against Carreon under the DTPA. See e.g., Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *11-15. As in Mainali, the plaintiff has pled only a theoretical possibility that Carreon could be held liable under this section. Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *13-14 (citing Smallwood, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery")); see also Weber Paradise Apartments, LP, 2013 U.S. Dist. LEXIS 72892, at *8 (quoting Griggs, 181 F.3d at 701 ("The mere recitation or paraphrasing to statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")). Here, the plaintiff has failed to provide any reasonable basis for the Court to predict that he can recover under the DTPA by doing nothing more than reciting or paraphrasing the statute under which he seeks recovery. As such, Carreon and the claims brought under the DTPA against Carreon have been improperly joined and the plaintiff cannot recover against Carreon based on the allegations in the plaintiff's original petition.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on September 4, 2015. Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

Upon information and belief, Carreon has not yet been served with process and the plaintiffs' original petition. Thus, thirty days have not elapsed since Carreon was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a.  Exhibit A: Civil action cover sheet;

b.  Exhibit B: Copies of all executed processes in the case, if any;

c.  Exhibit C: Copies all pleadings asserting causes of action and all answers to such pleadings;

d.  Exhibit D: Copies of all orders signed by the state court judge, if any;

e.  Exhibit E: A copy of the state court docket sheet;

f.  Exhibit F: An index of matters being filed;

g.  Exhibit G: A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h.  Exhibit H: Anthony Carreon's consent to removal.

## VI.
## CONDITIONS PRECEDENT

Travelers has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the 295th Judicial

District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, The Travelers Home and Marine Insurance Company respectfully requests that the above action, styled: Cause No. 2015-49259; <u>Patrick Schrum v. Travelers Home and Marine Insurance Company and Anthony Carreon</u>, originally filed in the 295th Judicial District Court of Harris County, be removed to this Court.

> Respectfully submitted,
>
> ORGAIN BELL & TUCKER, LLP
> P O Box 1751
> Beaumont, TX 77704-1751
> (409) 838-6412
> (409) 838-6959 facsimile
> <u>/s/ Greg C. Wilkins</u>
> Greg C. Wilkins
> State Bar No. 00797669
> Southern District Bar No. 33280
> gcw@obt.com
> Warren B. Wise
> State Bar No. 24075299
> Southern District Bar No. 1129798
> wwise@obt.com
>
> ATTORNEYS FOR DEFENDANT,
> THE TRAVELERS HOME AND
> MARINE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 25th day of September, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to the following counsel of record by Certified Mail, Return Receipt Requested:

Ana M. Ene

William X. King
Richard D. Daly
John Scott Black
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

                                                                  /s/ Greg C. Wilkins